IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THE UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
COMFORT SYSTEMS USA (ARKANSAS), INC.                PLAINTIFF

V.                        NO. 4:09CV00946

COOLEY CONSTRUCTORS, INC.
AND WESTFIELD INSURANCE COMPANY                      DEFENDANT

## ORDER

Pending is the motion of Defendants, Cooley Constructors, Inc. ("Cooley") and Westfield Insurance Company ("Westfield") to dismiss or, in the alternative, for a stay of litigation and for an order compelling arbitration. (Docket # 3). For the reasons set forth herein, the Court finds that Defendants' motion to stay proceedings and compel arbitration should be granted.

Plaintiff filed this complaint asserting claims against Cooley and Westfield pursuant to the Miller Act, 40 U.S.C. §3133, *et. seq*. The claims arise out of a construction subcontract. Plaintiff claims that it performed all of its obligations under the agreement and Cooley failed to pay the agreed sum of $93,703.34. Defendants contend that the dispute between the parties should be resolved through arbitration.

Cooley was the prime contractor for a project for the U.S. Corps of Engineers, known as the "BRAC C-130 Maintenance Facility" on the Little Rock, Air Force Base near Jacksonville, Arkansas. On April 29, 2008, Cooley and Comfort Systems entered into a written subcontract in which Comfort Systems agreed to provide HVAC, plumbing and related work to the project. Article 15 of the subcontract provided as follows:

# ARTICLE 15
# DISPUTE RESOLUTION

**15.1 INITIAL DISPUTE RESOLUTION.** If a dispute arises out of or relates to this Agreement, or the breach thereof, the parties, will endeavor to settle the dispute first through direct discussions. If the dispute cannot be settled through direct discussions. the parties will endeavor to settle the dispute by mediation before recourse to arbitration or litigation (formal dispute resolution). Mediation will be commenced within the time limits for arbitration stipulated in the Contract Documents. If the parties choose to employ an outside mediator the parties shall share the costs equally. The time limits for any subsequent arbitration will be extended for the duration of the mediation process plus ten (10) days or as otherwise provided in the Contract Documents. Issues to be mediated are subject to the exceptions named below for arbitration. The location of the mediation shall be the Contractor's Corporate Headquarters. The following steps are <u>required</u> before proceeding to formal dispute resolution:

(a)  Disputing party(s) will provide written notice of issue in dispute to other party.
(b)  The disputing party will request mediation in writing and, participate in mediation. The Contractor is required to schedule mediation within fourteen (14) days of notice.
(c)  After mediation, if unsuccessful, both the Contractor and the Subcontractor will provide each other with a written summary of the issues in dispute with their position and reason for their position on each issue within ten (10) days after mediation.
(d)  The Contractor shall direct the method of formal dispute resolution in writing of the dispute within ten (10) days receipt of item (c) from the subcontractor. Depending upon the number of technical issues involved, amounts in dispute, and involvement of other parties (if any), the Contractor may direct separately for each individual issue that formal dispute resolution be accomplished by litigation 15.3 or by arbitration as per article15.2. The Subcontractor in consideration of the Contractor as the Subcontractor's customer hereby assigns the Contractor the sole right of decision on the form of formal dispute resolution.

**15.2 ARBITRATION**. All claims, disputes and matters in question

arising out of, or relating to, this Agreement or the breach thereof, except for claims which have been waived by the making or acceptance of final payment, and the claims described prior, shall upon direction by the Contractor in lieu of litigation, be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. Notwithstanding other provisions in the Agreement, arbitration shall be governed by the Federal Arbitration Act.

**15.3 EXCEPTIONS.**  Arbitration shall not apply to any claim:

(a)     Of contribution or indemnity asserted by one party to the Agreement against the other party and arising out of an action brought in a state or federal court or in arbitration by a person who is under no obligation to arbitrate the subject matter of such action with either of the parties hereto or does not consent to such arbitration; or

(b)     Asserted by the Subcontractor against the Contractor if the Contractor asserts said claim, either in whole or part against the Owner, or asserted by the Owner against the Contractor, when the contract between the Contractor and Owner does not provide for binding arbitration, or does so provide but the two arbitration proceedings are  not consolidated, or the Contractor and Owner have not subsequently agreed to arbitrate said claim. In either case the parties hereto shall notify each other before or after demand for arbitration is made. In any dispute arising over the application of this paragraph, the question of arbitrability shall be decided by the appropriate court and not by arbitration.

(c)     Directed by the Contractor to be resolved by litigation.

**15.4 . NOTICE.**  The notice of request for formal dispute resolution or demand for arbitration shall be filed in writing by the disputing party with the other party to this Agreement and where applicable with the American Arbitration Association. Should the Contractor direct arbitration and the arbitration be desired by either party, the demand for arbitration shall be made by the desiring party as required in the Contract Documents or within a reasonable time after completion of steps15.1 (a) through (d), but in no event shall it be made when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitation, which ever shall first occur. The location of the arbitration shall be in the City of the

>  Contractor's corporate headquarters.
>
>  **15.5 AWARD.**  Any award rendered by arbitrator(s) shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction.
>
>  **15.6 LITIGATION.**  All claims, disputes and matters in question arising out of or relating to, this Agreement or the breach thereof, except for claims which have been waived by the making or acceptance of final payment, which are not directed to Arbitration may be resolved by litigation.

Plaintiff states that on September 3, 2009, it made demand for mediation as directed by the contract pursuant to Paragraph 15.1(a) and (b).  Cooley failed to schedule mediation.  Plaintiff's complaint alleges that Cooley's failure to schedule mediation as required by Paragraph 15.1(b) amounts to a waiver of all rights under Paragraph 15, in particular the right to designate the claim for arbitration. (Plaintiff's Complaint at ¶8).  Defendants contend that the case is governed by the Federal Arbitration Act and should be dismissed, or alternatively, the Court should stay the proceedings and compel arbitration.

>  The Supreme Court has stated:
>
>  The Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. §§ 3,4. Thus, insofar as the language of the Act guides our disposition of this case, we would conclude that agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement.

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).   Once the Court determines that the Act applies, the Court must then engage in a limited inquiry to determine whether a valid

agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement.  *Gannon v. Circuit City Stores, Inc.,* 262 F.3d 677 (8th Cir. 2001), *see also*, *Houlihan v. Offerman & Company, Inc.*, 31 F.3d 692, 694-95 (8th Cir. 1994).  Once the Court concludes that  such an agreement has been reached, the Federal Arbitration Act compels judicial enforcement of the arbitration agreement.

If a suit is brought upon an issue that is arbitrable, a trial should be stayed until arbitration is had in accordance with the terms of the agreement.  9 U.S.C. §3.  The Federal Arbitration Act is a congressional declaration of a liberal federal policy favoring arbitration agreements.   Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Lyster v. Ryan's Family Steak Houses, Inc.,* 239 F.3d 943, 945 (8th Cir. 2001).

Plaintiff argues that because Cooley failed to set the mediation required by Paragraph 15.1(b), Cooley elected to not proceed under Paragraph 15.1, which would have allowed it to proceed to Paragraph 15.2 and direct the controversy to arbitration.

The parties do not dispute that they entered into a valid and enforceable contract nor do they dispute the enforceability of the Arbitration Agreement.  The Court finds that the Federal Arbitration Act applies.  The Court must now determine whether this specific dispute falls within the scope of that agreement.  Plaintiff does not dispute that had Defendant complied with the requirements of Paragraph 15.1(b) and scheduled mediation within fourteen days, it could have proceeded to Paragraph 15.2 and directed the disputed issues to arbitration.  Plaintiff argues that by failing to comply with the terms of Paragraph 15.1, Defendants waived the right to designate the claim for arbitration and under Paragraph 15.6, the claim, having not been designated for arbitration, is permitted to proceed to litigation.  (Plaintiff's Complaint at ¶8).  Plaintiff contends

...
...
...

that the sole issue is one of contract interpretation.

"The scope of an arbitration agreement is given a liberal interpretation, with any doubts resolved in favor of arbitration." *MedCam, Inc. v. MCNC*, 414 F.3d 972, 975 (8th Cir. 2005). A motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* (quotation omitted).

Paragraph 15.2 entitled "Arbitration" provides that "all claims . . . arising out of, or relating to, this Agreement . . . except for claims which have been waived by the making or acceptance of final payment, and the claims described prior, shall upon direction by the Contractor in lieu of litigation, be decided by arbitration. . . ."  Because the provisions of Paragraph 15.1 were not completed, the Contractor did not direct the method of formal dispute resolution for this dispute pursuant to subparagraph 15.1(d). Accordingly, the dispute at issue does not fall within the exception provided in Paragraph 15.2 ("except for claims which have been waived by the making or acceptance of final payment, and the claims described prior. . . ."). Since the dispute does not fall within the exceptions set forth in Paragraph 15.2, the Arbitration Agreement could be interpreted to apply to this dispute. The Court cannot say with positive assurance that Paragraph 15.2 is not susceptible of an interpretation that covers this dispute.

Further, Plaintiff's argument that Defendants waived the right to arbitrate is analyzed "against the backdrop that, "[i]n light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration." *Dumont v. Saskatchewan Gov't Ins.*, 258 F.3d 880, 886 (8th Cir. 2001), *quoting Ritzel Communications v. Mid-American Cellular*, 989 F.2d 966, 968-69 (8th Cir.1993). The Court will find waiver of

arbitrability by the party claiming the right to arbitrate when that party: (1) knew of its existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by its inconsistent actions." *Id*.

Defendants knew of the right to arbitrate. Assuming that failing to request mediation until after suit was filed is inconsistent with that right, the Court finds that this failure to act did not prejudice the Plaintiff. The Eighth Circuit Court of Appeals has held that "[d]elay in seeking to compel arbitration does not itself constitute prejudice." *Stifel, Nicolaus & Co., Inc. v. Freeman*, 924 F.2d 157, 159 (8th Cir. 1991). Accordingly, the Court finds no waiver.

For the reasons set forth herein, Defendants' motion to stay proceedings and to compel arbitration (docket # 3) is hereby granted. The parties are directed to proceed to arbitration in accordance with the terms of their agreement. Because the Court has compelled arbitration in this case which may become dispositive of this litigation:

IT IS FURTHER ORDERED that the clerk administratively terminate the action in his records, without prejudice to the right of the parties to reopen the proceedings for good cause shown for the entry of any stipulation, order, or for any other purpose required to enforce an arbitration award. Provided however, this case will not be reopened unless within <u>60</u> days of the final disposition of the above proceeding an application to reopen is filed herein by one or more parties to this action. If no such motion to reopen is filed within said 60 day period this order shall be deemed a dismissal with prejudice of all claims made in this case.

Dated this 29th day of April, 2010.

_____
James M. Moody
United States District Judge